```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
                                :
LINDA WEINTRAUB                 :
                                :
     v.                         : Civil Action No. DKC 2008-2669
                                :
BOARD OF COUNTY COMMISSIONERS   :
 FOR ST. MARY'S COUNTY,         :
 MARYLAND, et al.               :
                                :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this retaliation action are: (1) a motion for reconsideration filed by Plaintiff Linda Weintraub (Paper 38); and (2) a motion for protective order filed by Defendant Mental Health Authority of St. Mary's ("MHASM") (Paper 41). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Plaintiff's motion for reconsideration will be denied and MHASM's motion for protective order will also be denied.

**I. Background**

Plaintiff Linda Weintraub was employed by MHASM from September 20, 2004 until her termination on October 14, 2005. Upon her termination, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and received a right to sue letter. Plaintiff subsequently filed an action in this court against MHASM and the Board of County Commissioners for St. Mary's County ("BOCC"), asserting a single count of retaliation

under Title VII, 42 U.S.C. S 2000e-3(a).  Plaintiff alleges that she was retaliated against for refusing to fire an employee whom her supervisor had asked that she terminate.  BOCC filed a motion to dismiss, or alternatively, for summary judgment on December 23, 2008, which was granted.  The court determined that BOCC could not be held liable because it was not a successor-in-interest to MHASM.  (Paper 31).  Plaintiff filed a motion for reconsideration on June 23, 2009.  (Paper 38).

**II.  Plaintiff's Motion for Reconsideration**

Plaintiff requests the court to reconsider its prior ruling in light of new evidence regarding MHASM's inability to provide relief to Plaintiff.  Plaintiff points out that the court previously determined that BOCC was not a successor-in-interest by relying on BOCC's assertion that MHASM was still a defendant in this action and that there was evidence that MHASM was capable of defending its own interests, including providing relief.  (Paper 31, at 12).  Plaintiff now insists that this assertion is no longer viable in light of MHASM's response to Plaintiff's request for admission, which MHASM submitted to Plaintiff after this court's ruling on Defendant's motion.  Plaintiff specifically points to the following:

> REQUEST NO. 59: Admit that MHASM is not able to provide relief to Weintraub
>
> RESPONSE NO. 59: Defendant objects to this request because it assumes Weintraub is entitled to relief, however without waiving

2

> the aforementioned objection, Request No. 59
> is admitted.

Plaintiff maintains that now that MHASM has admitted that it is not able to provide her with relief and she is unable to verify BOCC's status as the successor to MHASM, she is left "helpless" to protect her rights because the ownership and control of MHASM have changed.

BOCC counters that Plaintiff's motion for reconsideration should be denied because it rests on a single discovery response submitted by her former employer, MHASM.  BOCC argues that the record in this case establishes that MHASM was and remains a viable legal entity, as evidenced by the fact that it is represented by counsel, has a valid liability insurance policy, and engaged in settlement discussions with Plaintiff.  Indeed, these settlement discussions resulted in MHASM, through its counsel, extending an Offer of Judgment under Federal Rule of Civil Procedure 68 to Plaintiff, which she declined.

Furthermore, BOCC contends that Plaintiff mentions only a single response from MHASM to the request for admission, yet fails to mention MHASM's other responses that undermine Plaintiff's argument.  Notably, BOCC points out that MHASM denied that BOCC was a successor-in-interest to MHASM, denied that MHASM transferred its duties and obligations to BOCC, and denied that BOCC assumed MHASM's rights and responsibilities. (Paper 38, Ex. 1, at 8).  In

light of these responses, BOCC insists that the record is clear that it is not a successor-in-interest to MHASM.

"The ultimate inquiry always remains whether the imposition of the particular legal obligation at issue would be equitable and in keeping with federal policy." *Cobb v. Contract Transport*, 452 F.3d 543, 554 (6th Cir. 2006). Equitable considerations weigh against holding BOCC liable as a successor-in-interest to MHASM. It is undisputed that BOCC never employed Plaintiff and never engaged in *any* discriminatory conduct against her. In addition, only one out of twelve of MHASM's former employees is employed by BOCC, BOCC does not use any building or facility previously used by MHASM, and BOCC has no position similar to the one held by Plaintiff at MHASM. Moreover, as will be explained below, Plaintiff will have the opportunity to depose a representative from MHASM to determine what type of relief it may be able to obtain from the corporation. Therefore, Plaintiff's motion for reconsideration will be denied.

**III.  MHASM's Motion for Protective Order**

On June 8, 2009, Plaintiff served MHASM with a Notice of Deposition pursuant to Fed.R.Civ.P. 30(b)(6), requesting that MHASM designate one or more officers, directors, managing agents, or other persons to testify to matters designated in the Notice of Deposition. (Paper 41, Ex. 6). MHASM's counsel wrote a letter to Plaintiff's counsel explaining that MHASM would not comply with the Notice of Deposition because, as an "essentially defunct" corporation, it no longer has any employees or authorized

representatives that could be deposed in this case. MHASM subsequently filed a motion for protective order. (Paper 41). MHASM argues that compelling it to designate a corporate representative would be fruitless, a waste of the parties' resources, and an undue burden because the person with the most personal knowledge about the events that gave rise to Plaintiff's complaint is Alexis Zoss, Plaintiff's former supervisor. MHASM points out that Zoss is no longer an employee of the corporation and MHASM has no control over her.

Plaintiff counters that Fed.R.Civ.P. 30(b)(6) imposes a duty on MHASM to designate a representative to testify on its behalf, even if the representative is no longer an employee or officer of the corporation. In addition, Plaintiff points out that the representative is not required to have personal knowledge of the facts in the complaint, but only about the corporation.

Rule 30(b)(6) provides that persons designated to represent an organization "shall testify as to matters known or reasonably available to the organization." This means that MHASM must "produce such number of persons as will satisfy the request [and] more importantly, prepare them so that they may give complete, knowledgeable, and binding answers on behalf of the corporation." *Poole ex rel. Elliot v. Textron, Inc*., 192 F.R.D. 494, 504 (D.Md. 2000). The duty to designate and prepare witnesses for Rule 30(b)(6) depositions has been stated succinctly and with great

clarity by Magistrate Judge Eliason of the United States District Court for the Middle District of North Carolina:

> The testimony elicited at the Rule 30(b)(6) deposition represents the knowledge of the corporation, not of the individual deponents. The designated witness is "speaking for the corporation," and this testimony must be distinguished from that of a "mere corporate employee" whose deposition is not considered that of the corporation and whose presence must be obtained by subpoena. 8A Wright, Miller & Marcus, [Federal Practice and Procedure] § 2103, at 36-37 [(1994)]. "Obviously it is not literally possible to take the deposition of a corporation; instead, when a corporation is involved, the information sought must be obtained from natural persons who can speak for the corporation." 8A Wright, Miller & Marcus, § 2103, at 30. The corporation appears vicariously through its designee. *Resolution Trust Corp. v. Southern Union Co.*, 985 F.2d 196, 197 (5th Cir. 1993). If the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation. *Dravo Corp. v. Liberty Mut. Ins. Co.*, 164 F.R.D. 70, 75 (D.Neb. 1995) (citing *Marker* [*v. Union Fid. Life Ins. Co.*], 125 F.R.D. [121,] 126 [(M.D.N.C.1989)]. Thus, the duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved. *Buycks-Roberson v. Citibank Federal Sav. Bank*, 162 F.R.D. 338, 343 (N.D.Ill. 1995); *S.E.C. v. Morelli*, 143 F.R.D. 42, 45 (S.D.N.Y. 1992).

*United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996).

Moreover,

> [Rule] 30(b)(6) explicitly requires [an organization] to have persons testify on its

>behalf as to all matters known or reasonably available to it and, therefore, implicitly requires such persons to review all matters known or reasonably available to it in preparation for the Rule 30(b)(6) deposition. This interpretation is necessary in order to make the deposition a meaningful one and to prevent the "sandbagging" of an opponent by conducting a halfhearted inquiry before the deposition but a thorough and vigorous one before the trial. This would totally defeat the purpose of the discovery process. The Court understands that preparing for a Rule 30(b)(6) deposition can be burdensome. However, this is merely the result of the concomitant obligation from the privilege of being able to use the corporate form in order to conduct business.

*Id*. at 362; *see also Paul Revere Life Ins. Co. v. Jafari*, 206 F.R.D. 126 (D.Md. 2002).

Here, MHASM contends that it does not have representatives who are knowledgeable about the facts giving rise to Plaintiff's complaint. However, as previously explained, Rule 30(b)(6) designees must "testify to the knowledge of the corporation, not the individual." *Textron, Inc.*, 192 F.R.D. at 504; *see also Int'l Ass'n of Machinists & Aerospace Workers v. Werner-Masuda*, 390 F.Supp.2d 479, 487 (D.Md. 2005). In addition, MHASM does not explain how it will suffer an "undue burden" by designating a representative for the deposition. It is true that American Bar Association ("ABA") Standards explain that "[c]ounsel for the entity should prepare the designated witness to be able to provide meaningful information about any designated area(s) of inquiry." ABA Standards, 19(f)(Duty to Prepare the Witness). However, to the

extent that this level of preparation constitutes a burden for MHASM, it is equally a burden for every corporation faced with a Rule 30(b)(6) deposition.

Furthermore, the court reminds MHASM that it may be sanctioned if it fails to designate and prepare a corporate representative for the 30(b)(6) deposition. "Monetary sanctions are mandatory under Rule 37(d) for failure to appear by means of wholly failing to educate a Rule 30(b)(6) witness, unless the conduct was substantially justified." *Int'l Ass'n of Machinists & Aerospace Workers*, 390 F.Supp.2d at 489 (quoting *In re Vitamins Antitrust Litig.*, 216 F.R.D. 168, 174 (D.D.C. 2003)). MHASM is also reminded that it will not meet its obligations under Rule 30(b)(6) by figuratively "throwing up its hands in a gesture of helplessness" and designating a representative who is inadequately prepared to testify. *Textron, Inc.*, 192 F.R.D. at 504. MHASM's motion for protective order will be denied.

**IV. Conclusion**

For the foregoing reasons, Plaintiff's motion for reconsideration will be denied and MHASM's motion for protective order will also be denied. A separate Order will follow.

                                          /s/
                                 DEBORAH K. CHASANOW
                                 United States District Judge